[8oscoe] [ORDER SUSTAINING OBJECTION TO PROPERTY CLAIMED AS EXEMPT]

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                  Case No. 8:04−bk−03161−CPM
                                                                        Chapter 7

Debra L O'Hair
3016 Conifer Dr
Largo, FL 33771




_____Debtor(s)_____/


ORDER SUSTAINING TRUSTEE'S
OBJECTION TO PROPERTY CLAIMED AS EXEMPT


   THIS CASE came on for consideration on the objection to the Debtor's* claim of exemptions ("Objection to Exemptions") filed by the Chapter 7 Trustee ("Trustee"). It appears from a review of the Objection to Exemptions that it solely relates to the value of the property claimed as exempt ("Property") only to the extent that such value exceeds that amount allowed as exempt under Florida law. It is, therefore, appropriate to sustain the objection for the purpose of preserving the Trustee's right to contest the valuation of the Property in the context of a motion for turnover. Accordingly, it is

   ORDERED:

   1. The Objection to Exemptions is sustained to the extent the value of the Property exceeds the allowable exemptions under Florida law.

   2. The Debtor shall be limited to a $1,000 aggregate personal property exemption per Debtor and a $1,000 vehicular exemption per Debtor, and all property which exceeds such amounts shall be deemed property of the estate and subject to administration by the Trustee.

   3. In the event there is a dispute as to the value of the Property claimed as exempt, the Court shall determine the value of the Property in connection with a motion for turnover filed by the Trustee.

   4. This Order is without prejudice to the Debtor's claim that personal property is exempt or immune under any provision of the law other than article X, section 4(a)(2) of the Florida Constitution or section 222.25(1), Florida Statutes.

5. If either party requests reconsideration of the terms of this Order, the Court shall promptly schedule a hearing to consider the motion *de novo* .

DONE AND ORDERED on March 23, 2006 .

*Catherine M. Ewen*

_____
Catherine Peek McEwen
United States Bankruptcy Judge

*All references to "debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.